IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT,

    Plaintiff,                    No. CIV S-10-0838 FCD EFB PS

    vs.

SHASTA COUNTY DEPARTMENT OF
SOCIAL SERVICES, et al.,

    Defendants.              <u>ORDER</u>

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Upon reviewing the complaint, the court finds that it does not state a cognizable claim. Plaintiff names as defendants Shasta Department of Social Services, Children & Family Services ("DSS"); Jane Work, the director of DSS; John Simmons, a social worker supervisor; and Laura Carnley, a social worker, in their official and individual capacities. He alleges that while he was incarcerated, his children were taken into custody by DSS, because their mother failed to provide for their basic needs. Dckt. No. 1 at 3. He alleges that defendant Carnley, a social worker, told

him he had no right to see photos of the residence his children were removed from, and that she and defendant Simmons, her supervisor, withheld "key information" from him. *Id.* He further alleges that DSS has allowed the children's mother's boyfriend to visit them, even though they are afraid of him. *Id.* Plaintiff states that DSS is arguing for the termination of his parental rights on the basis of his incarceration, and is "attempting to manipulate Shasta County Juvenile Dependency Court" to discriminate against him. *Id.* He states that he has been forced to prepare a defense without knowing what documents the DSS has. *Id.*

Plaintiff argues that these facts constitute "a violation of any law that gives Plaintiff his rights to protect his children, be protected from any type of slander, and as well from any type of Due Process Clause under 14th Amendment." *Id.* He also argues that he has a First Amendment right to protect his children from harm and to file actions on behalf of his children, a Fourteenth Amendment right to see all documents that may be entered in these proceedings, and a Sixth Amendment right to "confrontation of any and all allegations toward Plaintiff that are clear violations of United States Constitution." *Id.* at 4.

Plaintiff asks that he receive "a declaration that the acts and omissions described herein" violated his constitutional rights; an injunction ordering defendants to remove themselves from this proceeding, turn over all documents related to his children's case, and "refrain from using any remarks" towards him; and damages. *Id.*

Plaintiff's allegations indicated that a dispute regarding the custody of his children is pending in state court. It also appears that plaintiff may wish to contest the DSS' recommendation that his custody over his children be terminated. As discussed below, plaintiff must use the available state court processes to appeal or challenge that recommendation, and any order entered by the state court as to custody.

*Younger v. Harris* held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances. 401 U.S. 37, 49, 53 (1971). The *Younger* abstention doctrine has since been extended to civil actions. *See Gilbertson v. Albright*, 381 F.3d

3

965, 971-72 (9th Cir. 2004) (en banc). Thus, federal courts should refrain from exercising jurisdiction in actions for injunctive or declaratory relief that would interfere with pending state judicial proceedings. *See Gilbertson*, 381 F.3d at 975, 978. In the Ninth Circuit, *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). A court may consider sua sponte whether *Younger* abstention should be invoked. *See id.*

It appears from the complaint that these factors are met in this case. At the time that the complaint was filed, a child custody action seems to have been pending in state court that involved most if not all of the facts raised in this complaint. Accordingly, plaintiff may file an amended complaint explaining, if he can, why the *Younger* abstention doctrine does not apply.

In addition, and perhaps more fundamentally, federal district courts have no jurisdiction over child custody issues, which are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

To state a claim for relief under § 1983, a plaintiff must demonstrate that the defendants (1) were acting under color of state law, and (2) deprived them of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (citing *Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979)).

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Moreover, supervisory personnel are generally not liable under § 1983 for

the actions of their employees under a theory of respondeat superior; the causal link between a supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

Finally, it appears that plaintiff's claims are barred by the state's immunity under Eleventh Amendment. As a state agency, DSS is immune from suit under the Eleventh Amendment. *Vierria v. California Highway Patrol*, 644 F. Supp.2d 1219, 1238-39 (E.D. Cal. 2009); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, state officials sued in their official capacities for damages are not persons for the purpose of § 1983. *See Arizonans for Official English v. Arizona*, 540 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Plaintiff is granted leave to file an amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Plaintiff also filed a motion explaining that he was going to be temporarily transferred away from Avenal State Prison, and asking that his case be suspended until he is returned. As plaintiff has now returned to Avenal State Prison, the motion is denied as moot.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

2. Plaintiff's motion to stay is denied as moot;

3. Plaintiff's complaint is dismissed with leave to amend; and,

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE